UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS DIXON,

                Plaintiff,

-against-

FISHKILL CORR. FAC. Box 1245 Beacon, N.Y. 12508, Fishkill Correctional Officers First Name Badge # Unknown: C.O. CUELLO, C.O. EULL, C.O. ALRABADI, LIEUTENANT SABLINSKI, C.O. MONTRESS, SERGEANT MONTGOMERY, C.O. ESHMANN, C.O. RUFINO, SERGEANT RIGGINS, SALLY REAMS, BARBARA D. UNDERWOOD N.Y.S. ATTORNEY GENERAL 120 Broadway, N.Y., N.Y. 10276,

                Defendants.

No. 17-CV-1123 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Thomas Dixon brings this *pro se* action pursuant to 42 U.S.C. § 1983 based on incidents occurring during his confinement at the Fishkill Correctional Facility ("Fishkill"). He filed his initial complaint on February 14, 2017 and resubmitted it on July 5, 2017 ("Complaint"). (ECF No. 23.)

    Presently before the Court is Defendants' motion to dismiss the Complaint under Federal Rules of Civil Procedure Rule 8(a)(2) for failure to make a short and plain statement of the claim showing that Plaintiff is entitled to relief and under Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim for which relief may be granted. (ECF No. 32.)

    For the reasons that follow, Defendants' motion is GRANTED in part and DENIED in part.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/2/19

# BACKGROUND

## I. Factual Background

The following facts, to the extent that they were discernable, are drawn from the Complaint and are accepted as true for the purpose of this motion.

Around September 1, 2016, Plaintiff was transferred from another facility to Fishkill. (Compl. p. 4.) On his first day at Fishkill, Plaintiff was awoken by Defendant Cuello loudly calling him a "rapo." (*Id.*) Then, Defendant Cuello refused to feed Plaintiff breakfast that day and, later, dinner. (*Id.* pp. 4 & 6.) He also persuaded Defendant Full to deprive Plaintiff of lunch. (*Id.* p. 6.) On September 3, 2016, Defendant Cuello continued to call Plaintiff "rapo," according to Plaintiff, hoping that another inmate would "start something." (*Id.*) Plaintiff was also again denied breakfast, lunch, and dinner. (*Id.* p. 10.) Two days later, on September 5, 2016, Plaintiff did not receive breakfast or lunch and Defendants Alrabadi and Montress refused to feed Plaintiff dinner after making eye contact with Defendant Cuello. (*Id.*)

Months later, from November 2 through November 5, 2016, Defendants turned off the water to Plaintiff's cell in the Special Housing Unit ("SHU"), which Plaintiff was sharing with another inmate. (*Id.* pp. 6 – 7.) Due to the lack of water, the cell became very hot and filled with a smell of "sweat [and] nastiness." (*Id.* p. 6.) Plaintiff and his cellmate were unable to bathe during this time, and they had to eat cold food. (*Id.* p. 7.) According to Plaintiff, he is suing Defendants for "making [Plaintiff and the other inmate] feel uncomfortable." (*Id.*)

Plaintiff also alleges Defendants deprived him of his property. (*Id.* pp. 6 – 7.) Around December 19, 2016, Plaintiff was removed from his cell for a medical appointment during which time the cell was searched by Defendant Rufino. (*Id.* p. 7.) After this search, some of Plaintiff's property was missing. (*Id.*) The next day, seemingly after Plaintiff informed Defendant

Montgomery about Defendant Rufino's search and the missing items, Defendants Montgomery and Eschmann handcuffed Plaintiff and pulled him to the ground. (*Id.*)

Aside from any property missing from the search, Plaintiff also alleges that Defendants withheld Plaintiff's property bag, which arrived to Fishkill in early September 2016. (*Id.* p. 4.) Plaintiff asked Defendants Sablinski and Urbanski about his missing property, but they "did nothing." (*Id.* pp. 5, 7 – 8.)

## II. Procedural Background

Plaintiff filed his original complaint on February 14, 2017. (ECF No. 2.) On June 28, 2017, the Court issued a Memorandum Endorsement, asking Plaintiff to file a typewritten or more legible version of his complaint. (ECF No. 22.) Plaintiff resubmitted his Complaint which remains the operative Complaint on July 5, 2017 and repeated many of the defects of the first complaint. On November 1, 2018, Defendants submitted their motion to dismiss the Complaint. Plaintiff submitted no opposition.

## LEGAL STANDARDS

### I. Federal Rules of Civil Procedure Rule 8(a)(2)

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is to provide the adverse party with fair notice of the claim asserted to allow him to answer or otherwise prepare for trial. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). If a pleading does not comply with the requirements of Rule 8(a)(2), a Court may strike the duplicative portions of the pleading; but where "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," dismissal is appropriate. *Id.*

## II.     Federal Rules of Civil Procedure Rule 12(b)(6)

To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. In considering a Rule 12(b)(6) motion, the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (internal quotation marks omitted). Similarly, the Court is not required to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.

Further, a court is generally confined to the facts alleged in the complaint for the purposes of considering a motion to dismiss pursuant to Rule 12(b)(6). *Cortec Indus. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). A court may, however, consider documents attached to the complaint, statements or documents incorporated into the complaint by reference, matters of which judicial notice may be taken, public records, and documents that the plaintiff either possessed or knew about, and relied upon, in bringing the suit. *See Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013).

Where, as here, a plaintiff proceeds *pro se*, the court must construe the complaint liberally and interpret it to "raise the strongest arguments that [it] suggest[s]." *Askew v. Lindsey*, No. 15-CV-7496(KMK), 2016 WL 4992641, at *2 (S.D.N.Y. Sept. 16, 2016) (quoting *Sykes v.*

4

*Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013)). Yet, "the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law." *Id.* (quoting *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013)).

## DISCUSSION

As a threshold matter, the Court finds that dismissal of Plaintiff's entire Complaint is not warranted under Rule 8(a)(2). Admittedly, Plaintiff's Complaint is written in small, tight handwriting, and words are sometimes crammed together or written over one another. While the Court does not dispute that the Complaint is difficult to read, certain claims can be deciphered. Based on the legible portions of the Complaint, Plaintiff alleges that (1) Defendants repeatedly denied him meals, (2) he endured unconstitutional conditions while he was confined to SHU, (3) Defendants Montgomery and Eschmann subjected him to excessive force, (4) Defendant Cuello called him a "rapo," and (5) Defendants deprived him of property without due process. Considering that the above enumerated claims are discernable from the Complaint, the Court declines to dismiss Plaintiff's Complaint under Rule 8(a)(2). The Court will only consider those claims it was able extract from the Complaint. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

### I. Alleged constitutional violations

### A. Conditions of confinement

Condition of confinement claims fall under the Eighth Amendment which prohibits punishment involving "unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). Essentially, the Eighth Amendment requires prison officials to "provide humane conditions of confinement." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). To state a claim, a plaintiff must show both that (1) objectively, the conditions resulted in unquestioned and

serious deprivations of basic human needs or of the "minimal civilized measure of life's necessities" and (2) subjectively, that the defendant acted with a sufficiently culpable state of mind, deliberate indifference, in imposing those conditions. *Wilson v. Seiter*, 501 U.S. 294, 308 (1991); *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013). "Deliberate indifference requires more than negligence, but less than conduct undertaken for the very purpose of causing harm." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). A prison official is deliberately indifferent if she "knows of and disregards an excessive risk to inmate health or safety." *Selby v. Coombe*, 17 F. App'x 36, 37 (2d Cir. 2001) (citing *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

### 1. Denial of meals

Accepting the facts in the Complaint as true, Plaintiff endured a substantial deprivation of food which satisfies the objective element of an Eighth Amendment analysis. The Eighth Amendment imposes a duty on prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer*, 511 U.S. at 832. This means that inmates are guaranteed a nutritionally adequate diet under the Constitution. *Robles v. Coughlin,* 725 F.2d 12, 15 (2d Cir.1983) (per curiam); *Waring v. Meachum*, 175 F. Supp. 2d 230, 239 (D. Conn. 2001). In circumstances where a substantial deprivation of food presents an immediate danger to an inmate's health or well-being, the inmate may have a cognizable Eighth Amendment claim. *Chavis v. Chappius*, No. 06-CV-543S, 2015 WL 1472117, at *8 (W.D.N.Y. Mar. 30, 2015).

Plaintiff alleges that Defendants denied him breakfast, lunch, and dinner on September 1, 3, and 5, 2016. Interpreting Plaintiff's Complaint to raise the strongest argument it suggests, he

6

did not receive a meal for over thirty hours on three occasions during the first week of September 2016 and there is no indication that the food Plaintiff was served on September 2 and 4 was nutritionally adequate. These allegations amount to a substantial deprivation of food. *See Abascal v. Fleckenstein*, No. 06-CV-349S, 2012 WL 638977, at *3 (W.D.N.Y. Feb. 27, 2012) (denying the defendants summary judgment on the plaintiff's Eighth Amendment deprivation of food claim because deprivation of seven meals over a four day period was a substantial deprivation); *see also Cunningham v. Jones*, 567 F.2d 653, 660 (6th Cir. 1977) (holding that the deprivation of two out of three meals can support an Eighth Amendment claim when there is no evidence that the one meal served was nutritionally adequate). To hold otherwise would allow prison officials to routinely feed inmates every other day and avoid liability, thus depriving inmates of adequate nutrition.[1]

Although, as Defendants point out, occasional or incidental interruptions in the receipt of food are not violations of the Constitution, Plaintiff alleges more than isolated deprivation. Rather, accepting the facts in the Complaint as true, Defendants allegedly prevented Plaintiff from eating any food for three days out of a five-day period. The cases Defendants cite to all involve more incidental deprivations than that at issue here. *See Tafari v. Annetts*, 262 F. App'x 80, 82 (2d Cir. 2010) (affirming the district court's decision that the defendants' failure to provide the plaintiff with kosher meals during transit between correctional facilities on four occasions over almost two years was *de minimus*); *Hankerson v. Nassau Cty. Corr. Facility*, No. 12-CV-5282(SJF)(WDW), 2012 WL 6055019, at *4 (E.D.N.Y. Dec. 4, 2012) (finding that the plaintiff's allegation that he missed a single meal did not rise to the level of a constitutional violation); *Parker v. Peek-Co*, No. 06-CV-1268(GLS)(DEP), 2009 WL 211371, at *4 (N.D.N.Y.

---

[1] Repeated denial of meals is a denial of nutritionally adequate food.

7

Jan. 27, 2009) (holding that the deprivation of two meals on a single date was *de minimus*). Moreover, one of Defendants' cases actually supports Plaintiff's claim. In *Simmons v. Kelly*, the court denied the defendants' motion to dismiss the plaintiff's claim that he was deprived of food for approximately thirty hours because "courts have held that a deprivation of as little as seventeen hours has constitutional implications." No. 06-CV-6183(RJS), 2009 WL 857410, at *8 (S.D.N.Y. Mar. 31, 2009) (citing *Tavarez-Guerrero v. Toledo-Davila*, 573 F. Supp. 2d 507, 512 – 13 (D. P.R. 2008)).

The Court finds that Plaintiff also met the subjective component required to state a claim for a violation of the Eighth Amendment. A substantial deprivation of food plainly poses an excessive risk to a plaintiff's health, and the Court may infer that Defendants were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In *Abascal v. Fleckenstein*, the plaintiff alleged that he was deprived of fourteen meals over a four-month period which included a four day stretch during which he was denied seven meals. No. 06-CV-349S, 2012 WL 638977, at *3 (W.D.N.Y. Feb. 27, 2012). The court, assuming all of the plaintiff's allegations to be true, held that the denial of seven meals in a four day period was "sufficient to raise an inference that [the d]efendants . . . were 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]' from the denial of those meals and that they in fact drew such an inference." *Id.* at *4 (citing *Farmer*, 511 U.S. at 837). Similar to the plaintiff in *Abascal*, Plaintiff alleges that he was deprived of a significant number of meals in a short time. In fact, the ratio of meals denied to meals expected on a three-meal-per-day schedule for Plaintiff is even

greater than that for the plaintiff in *Abascal*.² Therefore, as in *Abascal*, the Court holds that Defendants were aware of facts from which they could infer that there was a substantial risk to Plaintiff's health and that they in fact drew the inference.

    2. **Conditions in SHU**

However, Plaintiff does not state a cognizable Eighth Amendment claim for the conditions in SHU from November 2 to 5, 2016. Rather than showing, or even suggesting, that he suffered adverse health effects or other cognizable injuries from the SHU conditions, the Complaint merely indicates that Plaintiff and his cellmate were uncomfortable for a three-day period. Three days of the discomfort of the variety alleged by Plaintiff is not sufficiently severe or prolonged to be a serious deprivation of a basic human need. *Compare Little v. Municipal Corp.*, 51 F. Supp. 3d 473, 490 (S.D.N.Y. 2014) (dismissing the plaintiff's Eighth Amendment claim relating to his "nausea due to cold food" because the plaintiff "failed to allege deprivation of 'the measure of food necessary to maintain health' "); *Grant v. Riley*, No. 89-CV-0359(MBM), 1993 WL 485600, at *4 (S.D.N.Y. Nov. 24, 1993) (finding that a three day exposure to cold temperatures does not violate the Eighth Amendment); *Young v. Scully*, Nos. 91-CV-4332(JSM), 91-CV-4801(JSM), 91-CV-6768(JSM), 91-CV-6769(JSM), 1993 WL 88144, at *5 (S.D.N.Y. Mar. 22, 1993) (holding that the lack of access to a shower and toiletries over several days was *de minimus*), *with Gaston v. Coughlin*, 249 F.3d 156, 165 (2d Cir. 2001) (holding that exposure to temperatures "near or well below freezing for a five-month period" stated an Eighth Amendment claim); *Clay v. Lee*, No. 13-CV-7662(KMK), 2019 WL 1284290,

---

² Plaintiff was denied nine meals over five days. Assuming three meals a day, this amounts to a ratio of three fifths, or .60. The plaintiff in *Abascal*, however, was denied seven meals over twelve days, which amounts to .58.

9

at *6 (S.D.N.Y. Mar. 19, 2019) (noting that a prolonged exposure to extreme temperatures which causes injury violates the Eighth Amendment).

### B. Excessive force

As with a conditions of confinement claim, to state a plausible Eighth Amendment excessive force claim, a plaintiff must sufficiently allege both the objective and the subjective elements of an Eighth Amendment analysis. This means that the court must analyze both the type of harm and whether that harm was inflicted wantonly and unnecessarily. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Sims v. Artuz*, 230 F.3d 14, 21 (2d Cir. 2000). " '[W]anton' conduct involves force that is applied 'maliciously and sadistically to cause harm' as opposed to force that is 'applied in a good-faith effort to maintain or restore discipline.' " *Atkins v. County of Orange*, 372 F. Supp. 2d 377, 398 (S.D.N.Y. 2005) (quoting *Hudson v. McMillian,* 503 U.S. 1, 7 (1992)).

Reading the Complaint liberally, Plaintiff fails to state that he sustained harm sufficient to support an excessive force claim under the Eighth Amendment. In fact, Plaintiff does not allege that he sustained any physical harm from the alleged excessive force, and none of the facts associated with the excessive force suggest that Plaintiff was harmed. Plaintiff does not even claim that the handcuffs were too tight which, had Plaintiff so alleged, would not have supported an Eighth Amendment claim. *Lynch ex rel. Lynch v. City of Mount Vernon*, 567 F. Supp. 2d 459, 468 (S.D.N.Y. 2008) ("There is a consensus among courts in this circuit that tight handcuffing does not constitute excessive force unless it causes some injury beyond temporary discomfort."). Although Plaintiff alleges that Defendants Montgomery and Eschmann pulled him to the ground at some point during the handcuffing, that allegation does not suggest that Plaintiff was harmed. *See Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) ("An inmate who complains of a push or shove

that causes no discernible injury almost certainly fails to state a valid excessive force claim." (internal quotation marks omitted)); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (dismissing the plaintiff's excessive force claim because allegations that the plaintiff was "bumped, grabbed, elbowed, and pushed" were not sufficiently serious or harmful and "do not approach an Eighth Amendment claim").

Thus, as Plaintiff did not meet the objective element, he failed to state a facially plausible Eighth Amendment claim.

### C. Verbal harassment

Allegations of verbal harassment fall short of a § 1983 claim. *Williams v. Dubray*, 557 F. App'x 84, 86 (2d Cir. 2014); *Johnson v. Eggersdorf*, 8 F. App'x 140, 143 (2d Cir. 2001) ("In this Circuit, allegations of verbal harassment are insufficient to base a § 1983 claim if no specific injury is alleged."); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986); *Jamiel v. Washburn*, No. 17-CV-7172(NSR), 2019 WL 2491596, at *2 (S.D.N.Y. June 14, 2019).

Plaintiff claims that Defendant Cuello repeatedly called him a "rapo." This allegation amounts to mere verbal harassment. While inappropriate, it does not support a cognizable § 1983 claim. Although Plaintiff speculates that Defendant Cuello did so in the hopes that another inmate might "start something," speculation unsupported by other facts cannot conjure up a § 1983 claim where no such claim exists. *See, e.g.*, *Turner v. Boyle*, 116 F. Supp. 3d 58, 83 (D. Conn. 2015); *Volpe v. Nassau County*, 915 F. Supp. 2d 284, 288 (E.D.N.Y. 2013); *Missere v. Gross*, 826 F. Supp. 2d 542, 568 (S.D.N.Y. 2011).

### D. Deprivation of property

Defendants contend that Plaintiff failed to state a facially plausible claim for loss of personal property after his transfer and after his cell was searched. The Court agrees.

11

A claim for property loss "is subject to ready dismissal since it is well-established that New York provides an adequate post-deprivation remedy for such losses." *Thompson v. LaClair*, No. 08-CV-0037 (FJS) (DEP), 2009 WL 2762164, at *8 (N.D.N.Y. Aug. 25, 2009) (citing *Koehl v. Dalsheim*, 85 F.3d 86, 88 (2d Cir. 1996)). Namely, inmates such as Plaintiff are permitted to pursue claims for deprivation of property against the state in the Court of Claims. N.Y. Comp. Codes R. & Regs. tit. 7, § 1700.3(b)(4); *Davis v. New York*, 311 F. App'x 397, 400 (2d Cir. 2009). This principle applies whether the property loss is intentional or negligent. *Id.*

Plaintiff alleges that Defendants intentionally and without authorization deprived him of his property by withholding it after his transfer and removing it from his cell during the search, but this is insufficient to support a Fourteenth Amendment claim because an adequate post-deprivation remedy existed in 2016, when the alleged deprivations occurred. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Koehl v. Dalsheim*, 85 F.3d 86, 88 (2d Cir.) (affirming the district court's dismissal of the plaintiff's Fourteenth Amendment claim for loss of property "because of the availability of state court post-deprivation remedies").

## II. Personal involvement

When, as here, a plaintiff seeks money damages against the defendants for violations of federal laws, the "personal involvement of defendants in alleged constitutional deprivations is a prerequisite." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (citing *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)); *Goode v. Westchester County*, No. 18-CV-2963(NSR), 2019 WL 2250278, at *3 (S.D.N.Y. May 24, 2019). Personal involvement may include, but is not limited

to, direct participation in the alleged violations. *See Platt v. Village of Southampton*, 391 F. App'x 62, 65 (2d Cir. 2010) (citing *Al–Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1066 (2d Cir. 1989)). The Second Circuit has previously found that the personal involvement of a supervisory defendant may be established by allegations that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights or inmates by failing to act on information indicating unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). However, the courts in this Circuit are "divided as to whether the five categories announced in *Colon* may still be used as bases for liability under § 1983" following the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Allah v. Annucci*, No. 16-CV-1841 (KMK), 2017 WL 3972517, at *6 (S.D.N.Y. Sept. 7, 2017).

Defendants argue that Plaintiff fails to establish supervisory liability for Defendants Sablinski, Reams, and Urbanski, and this Court agrees. Even assuming the continuing vitality of each of the *Colon* factors, Plaintiff has failed to allege that those Defendants were personally involved in any of the events giving rise to his § 1983 claims.

Plaintiff claims that Defendants Sablinski and Urbanski did nothing when he asked them about his missing property. Had the Court not already dismissed that claim, it would determine that the Complaint did not plausibly show that Defendants Sablinski or Urbanski were personally involved. Plaintiff does not allege that those Defendants themselves deprived him of his property or were otherwise involved through gross negligence or deliberate indifference, or by creating policies. Likewise, no facts in the Complaint indicate that Defendants were personally

involved for their failure to remedy a wrong. Defendants were not on notice of a constitutional violation simply because Plaintiff told them that he was missing property. *See Goris v. Breslin*, 402 F. App'x 582, 584 (2d Cir. 2010) (affirming the district court's decision that the defendant's receipt of two letters was not enough to establish that the defendant was personally involved); *McLeod v. Llano*, No. 17-CV-6062(ARR)(SMG), 2019 WL 1129429, at *4 (E.D.N.Y. Mar. 12, 2019) (dismissing a plaintiff's claims that a defendant did nothing to end another defendant's practice of using excessive force "[d]espite having been apprised" of the situation as too conclusory to support personal involvement); *Rosales v. Kikendall*, 677 F. Supp. 2d 643, 650 (W.D.N.Y. 2010) (holding that allegations that the defendant did nothing after the plaintiff told the defendant about constitutional violations were not enough to show that the defendant was personally involved).

Even accepting the facts in the Complaint as true, Plaintiff also fails to allege any personal involvement from Defendant Reams. In fact, the Court is unable to discern any claim against Defendant Reams in the Complaint. If Plaintiff, as Defendants seem to understand, asserts that Defendant Reams is involved because she "maliciously" ignored his grievances, (Defs.' Mem. of Law in Supp. of Defs.' Mot. to Dismiss Pl.'s Resubmitted Compl. ("Defs.' Mot.") p. 12, ECF No. 33.), such a claim is not enough to support personal involvement. Mere allegations that a supervisory defendant denied or ignored an inmate's grievances do nothing to show how the defendant was involved in alleged constitutional violations; personal involvement requires more. *See Sanusi v. Dep't of Homeland Sec.*, No. 06-CV-2929(SJ)(JMA), 2010 WL 10091023, at *15 (E.D.N.Y. Dec. 1, 2010) ("[A]llegations that a detainee's grievance was ignored are insufficient to establish personal involvement unless accompanied by factual specificities."); *Warren v. Goord*, 476 F. Supp. 2d 407, 413 (S.D.N.Y. 2007) (dismissing the

plaintiff's allegation that a supervisory defendant denied his grievance because the plaintiff did "not explain how a denial of a grievance violates [the] plaintiff's constitutional or federal rights so as to state a claim under § 1983"); *Cancel v. Goord*, No. 00-CV-2042(LMM), 2001 WL 303713, at *8 (S.D.N.Y. Mar. 29, 2001).

Accordingly, any claims against Defendants Sablinski, Urbanski, and Reams are dismissed. Further, because Plaintiff's sole remaining claim is for deprivation of food in violation of the Eighth Amendment, the Court *sua sponte* dismisses Defendants Fishkill Corr. Fac. Box 1245 Beacon, N.Y., 12508, Montgomery, Eshmann, Rufino, Riggins, and Underwood because Plaintiff does not allege that they were personally involved in the events giving rise to that claim. *See Henry v. Davis*, No. 10-CV-7575(PAC)(JLC), 2011 WL 3295986, at *2 (S.D.N.Y. Aug. 1, 2011).

### III. Prior litigation by Plaintiff

### A. Three strikes

Under 28 U.S.C. § 1915, eligible inmates are permitted to proceed *in forma pauperis* ("IFP") and avoid the prepayment of fees. However, because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," Congress included a "three strikes" limitation in the IFP statute. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

15

§ 1915(g). That the Court had previously granted Plaintiff IFP status does not prevent the Court from revoking such status upon knowledge that Plaintiff had incurred three strikes prior to the filing of the action. *See Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010) (affirming the district court's revocation of the plaintiff's IFP status and dismissal of the case under the three strikes rule despite the fact that the district court had previously granted the then-incarcerated plaintiff IFP status). Because § 1915(g) expressly prohibits prisoners from "*bring[ing]* a civil action or appeal" if he or she has three strikes, the plaintiff's status as a prisoner at the time he or she brought the action is all that is relevant. For the purposes of IFP status. "Had Congress intended that the three strikes rule would no longer apply once a prisoner had been released, it would have written the statutory provision differently." *Harris*, 607 F.3d 18, 22 (2d Cir. 2010).

Defendants request that the Court revoke Plaintiff's IFP status and require Plaintiff to pay the full filing fee within thirty days because Plaintiff has had at least three actions in federal court dismissed on the merits as frivolous, malicious, or failing to state a claim. Specifically, Defendants allege that the following suits initiated by Plaintiff count as strikes: *Dixon v. Minglone*, No. 15-CV-4282(JS)(AKT), 2015 WL 6760360, at *3 (E.D.N.Y. Nov. 5, 2015); *Dixon v. East Elmhurst Hosp.*, No. 15-CV-4419(JS)(AKT), 2015 WL 6760376, at *2 (E.D.N.Y. Dec. 28, 2015); *Dixon v. MacPacken*, No. 16-CV-6143 (W.D.N.Y. Aug. 18, 2016) (den'd 2d Cir. Apr. 25, 2017); *Dixon v. Urbanski*, 17-124 (2d Cir. May 15, 2017); *Dixon v. Minglon*, 17-CV-1195 (E.D.N.Y. Aug. 22, 2017) (JS) (AKT).

However, two of those alleged strikes occurred after this case was filed on February 14, 2017. *Dixon v. Urbanski*, No. 17-124 (2d Cir. May 15, 2017) (docket no. 17); *Dixon v. Minglon*, No. 17-CV-1195(JS)(AKT), 2017 WL 3588939, at *3 (E.D.N.Y. Aug. 18, 2017). Defendants

argue that the Court should consider the post-filing dismissals as strikes in order to be consistent with the purpose of § 1915(g), "filter[ing] out the bad claims and facilitate[ing] consideration of the good." (Defs.' Mot. p 7); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015). While Defendants are correct about the statute's purpose, they fail to consider the language of the statute, discussed above. Based on the plain language of the statute, the Court should examine circumstances as they were at the beginning of the action. *In re Barnet*, 737 F.3d 238, 246 (2d Cir. 2013) ("Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." (quoting *United States v. Kozeny*, 541 F.3d 166, 171 (2d Cir. 2008)) (internal quotation marks omitted)).

Defendants also cite to *Toliver v. Perri*, where a district court denied the defendants' request to revoke the plaintiff's IFP status because he only had one strike at the time of the Court's opinion but stated that the defendants would be allowed to renew if two or more of the plaintiff's pending actions were dismissed as frivolous, malicious, or failing to state a claim. No. 10-CV-3165(PAC)(MHD), 2011 WL 43461 (S.D.N.Y. Jan. 6, 2011). That case is not binding and is also not helpful in interpreting the facts presently before the Court. At most, the court in *Toliver* stated that the defendants would be allowed to re-submit their motion if the plaintiff acquired two more strikes. It did not indicate whether or not the court would revoke the plaintiff's IFP status based on post-filing strikes. In light of the language of the statute, the actions dismissed after February 14, 2017 are not strikes for the purposes of this action.

A third case offered by Defendants is not a strike because that action was not dismissed. In *Dixon v. MacPacken*, No. 16-CV-6143, Docket No. 22 (W.D.N.Y. Aug. 18, 2016) (den'd 2d

Cir. Apr. 25, 2017), the court dismissed certain claims under § 1915(e)(2)(B) but allowed other claims to continue. The statute notes that the dismissal of three or more "action[s] or appeal[s]" as frivolous, malicious, or failing to state a claim prohibits an inmate from proceeding as IFP, but says nothing about the dismissal of individual claims. § 1915(g). Because the three strikes rule only applies to actions and appeals, cases that were partially dismissed for failure to state a claim are not strikes under § 1915(g). *See Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010)

Only two actions count as strikes for the purposes of this action and so the Court declines to revoke Plaintiff's IFP status.

### B. Materially misleading information

Plaintiff alleges that he has not initiated any other lawsuits in federal or state court relating to his imprisonment. However, as discussed above, Plaintiff has initiated multiple lawsuits relating to his imprisonment, and Defendants argue that the Complaint should be dismissed with prejudice because Plaintiff provided materially misleading information to the Court.

While a plaintiff "should not benefit from his own misleading submissions," *Harris v. City of New York*, 607 F.3d 18, 23 (2d Cir. 2010), a *pro se* plaintiff lacks both experience and familiarity with the law and the legal system. Therefore, courts should afford those Plaintiffs special solicitude. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006). Out of deference to Plaintiff's *pro se* status, and because there is no evidence that the deception was intentional, the Court declines to dismiss the Complaint based on Plaintiff's failure to disclose prior litigation. However, the Plaintiff is cautioned that misrepresentations to the Court are not taken lightly, and he will not be treated with similar leniency if he repeats this mistake. *Tracy v.*

18

*Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (noting that "the appropriate degree of special solicitude" is different among *pro se* litigants).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Complaint is GRANTED in part and DENIED in part. Plaintiff's Eighth Amendment claim for the denial of nutritionally adequate food against Defendants Cuello, Full, Alrabadi, and Montress is allowed to continue. Plaintiff's remaining claims are dismissed. The Clerk of the Court is directed to remove Defendants Fishkill Corr. Fac. Box 1245 Beacon, N.Y., 12508, Montgomery, Eshmann, Rufino, Riggins, Underwood, Sablinski, Reams, and Urbanski from the caption. Remaining Defendants are directed to file their answer on or before August 9, 2019. Those Defendants are also directed to confer, complete, and submit the attached case management plan to chambers by August 23, 2019.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 32, mail a copy of this Opinion to the Plaintiff, and file proof of service on the docket.

Dated: July 2nd, 2019
       White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge