UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
THOMAS DIXON,

                         Plaintiff,

v.
                                            **MEMORANDUM**
S. URBANSKT, et al..                          **OPINION AND ORDER**

                       Defendants.            17-cv-1123 (PMH)
-----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

On February 14, 2017, then-incarcerated Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this action. Plaintiff alleged that Defendants violated his constitutional rights while he was incarcerated at the Fishkill Correctional Facility. (Doc. 2). On July 5, 2017, Plaintiff re-submitted his Complaint. (Doc. 23). Since July 5, 2017 Plaintiff has not communicated with the Court or participated in this litigation.

On September 28, 2017, Defendants requested a pre-motion conference in anticipation of moving to dismiss Plaintiff's Complaint. (Doc. 26). On October 5, 2017, Defendants notified the Court that Plaintiff had been released from DOCCS custody on September 25, 2017. (Doc. 27). Defendants noted that while Plaintiff had not provided an updated address to the Court, Defendants had identified a current address for Plaintiff. *Id.* Since Plaintiff was released from DOCCS custody in September 2017 he has not provided the Court with an updated address. Defendants were granted permission to move to dismiss Plaintiff's Complaint. (Doc. 29). Plaintiff did not oppose Defendants' motion. On July 2, 2019, the court granted Defendants' motion to dismiss as to all claims except for Plaintiff's Eighth Amendment claim against four Defendants alleging that he was denied nutritionally adequate food. (Doc. 37, "Mot. to Dismiss Order," at 19).

The court directed the remaining Defendants to answer Plaintiff's Complaint and to confer with Plaintiff and file a proposed case management plan. *Id.* On August 22, 2019, Defendants requested, and were granted, an extension of time to file a proposed case management plan because Defendants were unable to make contact with Plaintiff. (Doc. 41). On August 30, 2019, Defendants submitted a proposed case management plan and noted that they had been unable to locate Plaintiff. (Doc. 43). On March 30, 2020, Judge Nelson Román ordered that the parties submit a new proposed case management plan. (Doc. 45). On April 13, 2020, the case was reassigned to me. On April 27, 2020, Defendants wrote to the court that they had tried to contact Plaintiff at three addresses to confer about a case management plan but could not locate Plaintiff. (Doc. 46). On May 15, 2020, Defendants sought permission to move to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 41(b). (Doc. 48). On May 26, 2020, the Court granted Defendants' request and set a briefing schedule. (Doc. 49). Defendants filed their motion (Docs. 50, 52); Plaintiff did not file any opposition.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 41 provides, "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Failure to prosecute may be demonstrated by "an action lying dormant with no significant activity to move it or [by] a pattern of dilatory tactics including groundless motions, repeated requests for continuances or persistent late filings of court ordered papers over a period of months or years." *Santangelo v. Valenti*, No. 90-CV-7415, 1996 WL 665635, at *3 (S.D.N.Y. Nov. 15, 1996), *aff'd*, 129 F.3d 114 (2d Cir. 1997) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42–43 (2d Cir. 1982)).

While the Second Circuit has found that dismissal pursuant to Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F. 3d at 209, dismissal nonetheless may be necessary "to prevent undue delays in the disposition of pending cases and to avoid congestions in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). In determining whether to dismiss an action for failure to prosecute under Rule 41(b), the Second Circuit has directed district courts to consider five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)). No single factor is dispositive. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir.1994). Ultimately, the record must be viewed as a whole in order to determine whether dismissal is warranted. *U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d. Cir. 2004) (citing *Peart v. City of N.Y.*, 992 F.2d 458, 461 (2d. Cir.1993)).

The Second Circuit has stated that, "*pro se* plaintiffs should be granted special leniency regarding procedural matters." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even *pro se* litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." *Jacobs v. County of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

## ANALYSIS

The Court finds that dismissal for failure to prosecute pursuant to Rule 41(b) is appropriate. First, the March 20, 2017 Order of Service instructed Plaintiff that Plaintiff "must notify the Court in writing if his address changes, and the Court may dismiss the action if he fails to do so." (Doc.

8 at 3). It appears that Plaintiff was released from DOCCS custody on September 25, 2017. (Doc. 27). Plaintiff never notified the Court of his new address after he was released from custody. A "case cannot proceed without a current address for the plaintiff and the failure to maintain such an address with the Court is a ground for failure to prosecute." *Pratt v. Behari*, No. 11 CIV. 6167 JGK, 2012 WL 1021660, at *1 (S.D.N.Y. Mar. 26, 2012) (quoting *Laney v. Ramirez,* No. 10 Civ. 9063, 2011 WL 6594491, at *1 (S.D.N.Y. Dec.22, 2011) (collecting cases)). Plaintiff's failure to provide an updated, accurate address for nearly three years since he was released from DOCCS custody weighs in favor of dismissal.

Second, Plaintiff was put on notice that failure to comply with court orders would result in dismissal of his action. (*See* Doc. 8 at 3) (stating Plaintiff "must notify the Court in writing if his address changes, and the Court may dismiss the action if he fails to do so."); *see also* (Doc. 29) ("Plaintiff is reminded of his responsibility to notify the Court is writing if his address changes, and the Court may dismiss the action if plaintiff fails to do so."); (Doc. 49) (setting briefing schedule for Defendants' motion to dismiss pursuant to Rule 41(b)).

Third, when a Plaintiff's delay is "lengthy and inexcusable" prejudice can be presumed. *U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 256 (2d. Cir. 2004). The duration of Plaintiff's failure to provide an updated address is enough to presume prejudice. S*ee Lopez v. Pichardo 2230 Rest. Corp.*, 734 F. App'x 16, 17 (2d Cir. 2018) (affirming district court's decision that two-year delay was enough time to presume prejudice).

Fourth, the Court has balanced the need to alleviate court congestion with a party's right to due process and determined dismissal appropriate. "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of N.Y.*, No. 12 Civ. 6717, 2013 WL 5493009 at *2

(S.D.N.Y. Oct. 1, 2013). Since Plaintiff last participated in this action in July 2017, the Court has adjudicated Defendants' motion to dismiss, issued five other orders, and granted Plaintiff numerous opportunities to participate in this litigation. Plaintiff has not communicated with the Court since July 2017 or provided the Court any indication he intends to pursue his claims.

Fifth, lesser sanctions are not appropriate. Where, as here, a Plaintiff cannot be located and appears to have abandoned the litigation, dismissal is appropriate. *See Sanders v. Does*, No. 05-CV-7005, 2008 WL 2117261, at *5 (S.D.N.Y. May 15, 2008).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 41(b) is GRANTED. The Clerk of the Court is directed to terminate this action.

Dated: New York, New York
July 29, 2020

SO ORDERED:

_____
Philip M. Halpern
United States District Judge